UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL ORLANDO ANDERSON, JR., et al., | |
| Plaintiffs, | |
| v. | CAUSE NO.: 1:20-CV-83-HAB-SLC |
| INDIANA DEPARTMENT OF CORRECTIONS AND G.E.O. GROUP, et al., | |
| Defendants. | |

OPINION AND ORDER

Antoniette Grace Crespo, proceeding pro se, filed a complaint on behalf of herself and her son, Michael Orlando Anderson, Jr. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2), the court may dismiss the case if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

The allegations in the complaint are difficult to parse, but it appears that they relate to Anderson's experience with various governmental and corporate entities including the Indiana Department of Correction, the Allen Circuit Court, and the GEO Group. These allegations are too vague to allow for meaningful analysis and do not state a claim upon which relief can be granted. Further, Anderson's signature is not

present on the complaint or other filings, and there is no other indication that he authorized this lawsuit. Crespo, who does not represent that she is licensed to practice law, cannot file a complaint on behalf of her son. *See* N.D. Ind. L.R. 83-5(a)(1) ("Only members of the court's bar may represent parties before the court."); Ind. Code § 33-43-2-1(3) ("A person who engages in the business of a practicing lawyer without first having been admitted as an attorney by the supreme court commits a Class B misdemeanor."). Additionally, because the complaint does not indicate that Crespo's legal rights were violated, she lacks standing to proceed as a plaintiff based on the allegations in the complaint. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) ("The plaintiff must show that [she] has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct."). Therefore, neither of the plaintiffs may proceed on this complaint.

Nevertheless, the court will give the plaintiffs an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If they choose to file an amended complaint, they must put the case number of this case on it, which is on the first page of this order. However, the plaintiffs should only file an amended complaint if they believe they can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS the plaintiffs, until <u>May 15, 2020</u>, to file an amended complaint; and

(2) CAUTIONS the plaintiffs that, if they do not respond by that deadline this case will be dismissed without further notice.

SO ORDERED on April 16, 2020.

                                              s/ Holly A. Brady  
                                             JUDGE HOLLY A. BRADY  
                                             UNITED STATES DISTRICT COURT